UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
GREGORY HILTON CROWE, : CASE NO. 1:17-CV-02188
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
WARDEN DAVE MARQUIS, *et al.*, :
:
       Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Gregory Hilton Crowe filed this action against Richland Correctional Institution ("RICI")Warden Dave Marquis, RICI Deputy Warden Tim Mulligan, RICI Chaplain Scott Login, and RICI Chaplain Audrey McClain. In the Complaint, Plaintiff alleges sacred objects for the practice of his Native American religion were lost or stolen from the Chaplain's office. He asserts Defendants violated his First Amendment right to practice his religion, and seeks monetary damages.

**I. Background**

Plaintiff states he is a member of the Alderville First Nation Native American tribe that practices an Ojibway religion. Plaintiff utilizes a prayer pipe, tobacco, sage, sweet grass, and smudging in the practice of his beliefs. In May 2017, Plaintiff filed a request for religious accommodation to use the pipe while incarcerated at the Lorain Correctional Institution in May 2017. He indicates he was unable to practice his religion until this request was approved by the

Ohio Department of Rehabilitation and Correction ("ODRC") on August 1, 2017. By that time, he had been transferred to RICI. He alleges the RICI Chaplains initially told him his family could send religious objects into the prison, so they forwarded a family heirloom prayer pipe made by Plaintiff's grandfather, and a quantity of tobacco. Plaintiff signed for the pipe upon its arrival and was told it would be kept in the Chaplain's office. He contends that when he came to the office for his first ritual ceremony, McClain allowed him to have the pipe, and observed a smudging but would not allow him to smoke the tobacco sent by his family because it did not come directly from a vendor. Plaintiff contends after his worship was finished, he placed the pipe and the objects of worship back in the box in the presence of McClain and a corrections officer. When Plaintiff returned on his next scheduled worship day, his pipe was missing. He alleges McClain did not properly secure his pipe after the previous ceremony. He filled out a theft report, and a corrections officer ordered a search of the area, but they could not locate the pipe. Plaintiff asserts Defendants violated his right to free exercise of his religion.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to

---

[1]  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2]  *Neitzke*, 490 U.S. at 327.

suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3]  This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5]  When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff. [6]

### III. Analysis

Prisoners retain the First Amendment right to the free exercise of their religion.[7]  "The circumstances of prison life, however, may require some restrictions on prisoners' exercise of their religious beliefs," requiring a Court to "balance the prisoners' constitutionally protected interest in the free exercise of their religious beliefs against the state's legitimate interests in operating its prisons."[8]  To state a claim for denial of freedom of religion, the inmate first must show the prison staff interfered with a sincerely held religions belief.[9]  If this criterion is met, then the Court must determine whether the prison's actions were justified by "legitimate penological interests."[10]

In this case, Plaintiff does not allege Defendants denied an accommodation.  In fact, his accommodation was approved by the ODRC and the RICI chaplains.  He contends errors were

---

[3]  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4]  *Id.* at 678.
[5]  *Id.*
[6]  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).
[7]  *Walker v. Mintzes,* 771 F.2d 920, 929 (6th Cir. 1985).
[8]  *Id.*
[9]  *Flagner v. Wilkinson,* 241 F.3d 475, 481 (6th Cir. 2001)
[10]  *Id.*; *Boles v. Neet,* 486 F.3d 1177, 1182 (10th Cir. 2007) (citation omitted) (explaining that the first requirement in a § 1983 First Amendment free-exercise claim is for the plaintiff to show that the prison's action "substantially burdened his sincerely-held religious beliefs").

made in the implementation of the religious accommodation plan, which temporarily limited with his ability to practice his religion. He contends Chaplain McClain failed to properly secure his prayer pipe resulting in its theft or loss. He also contends he was given incorrect information that his family could send tobacco to him when prison policy requires it to be shipped to him directly from a vendor.

Isolated acts of negligence by prison staff do not state a constitutional claim under § 1983.[11]

### IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[12]

IT IS SO ORDERED.

Dated: March 12, 2018        s/     James S. Gwin
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[11] See *Daniels v. Williams,* 474 U.S. 327, 330 (1986) (holding that the protections of the Due Process Clause of the constitution are not "triggered by a lack of due care by prison officials.") (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner ....") and *Baker v. McCollum,* 443 U.S. 137, 146 (1979) (holding that false imprisonment does not violate the Fourteenth Amendment simply because the defendant is a state official). Numerous courts have recognized that a prison official's isolated negligent interference with a prisoner's religious diet does not violate the constitution. *See Colvin,* 605 F.3d at 293-94 (holding that isolated negligence by prison officials in implementing kosher food requirements is not actionable under the First Amendment); *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (isolated acts of negligence in providing kosher diet do not support a free-exercise claim); *Lovelace v. Lee,* 472 F.3d 174, 201 (4th Cir.2006) ("[Plaintiff] must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983.") (citing *Daniels,* 474 U.S. at 330).

[12] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.